**Richard E. HODGE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 77–0853–AAH.**

United States District Court, C. D. California.

Dec. 6, 1978.

John R. Skoog, Los Angeles, Cal., for Richard E. Hodge.

Andrea Sheridan Ordin, U. S. Atty., and Mason C. Lewis, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above entitled cause came on for trial before the undersigned sitting without a jury, Richard E. Hodge, plaintiff appeared by John R. Skoog, his counsel and defendant, United States of America appeared by Andrea Sheridan Ordin, United States Attorney, and Mason C. Lewis, Assistant United States Attorney, its counsel, and after trial and submission of the matter, the Court makes the following:

## FINDINGS OF FACT

1. Plaintiff is a citizen and taxpayer of the United States of America and resides in the County of Los Angeles, State of California, located in the Central District of the state. This Court has jurisdiction and venue of this action for refund of Internal Revenue taxes assessed against and paid by plaintiff under Title 26, United States Code, Section 7422, and Title 28, United States Code, Section 1346(a)(1).

2. On October 28, 1974, the Internal Revenue Service assessed against plaintiff a 100% penalty in the amount of $3,480.11 together with lien fees of $6.00 for unpaid withholding and social security taxes, as a responsible officer within the meaning of Section 6672 of the 1954 Internal Revenue Code with regard to a corporation known as The Protein Corporation of America, Inc.

3. The assessment made by the Internal Revenue Service pursuant to Section 6672 of the Internal Revenue Code represented a 100% penalty arising from the failure of The Protein Corporation of America, Inc. to pay over withholding and social security taxes to the United States of America for an employee of said corporation. Robert A. Johnson, Social Security No. 567–09–6467, was the only employee of said corporation during the calendar quarters ending March 31, 1972, June 30, 1972, and September 30, 1972, and the withholding and social security taxes were unpaid by said corporation during said quarters and were included in the said assessment against plaintiff.

4. Plaintiff did not have personal knowledge of the tax problem of the corporation, or of the assessment against him until the Internal Revenue Service levied on his automobile on or about April 5, 1975.

5. On April 11, 1975, plaintiff paid the sum of $3,579.80 to defendant, representing the withholding taxes from said employee's wages in the amount of $3,480.11 and interest in the sum of $99.69. On April 18, 1975, plaintiff filed a claim for refund of said sum of $3,579.80, which claim was disallowed by defendant by notice dated October 15, 1975.

6. Plaintiff timely filed a Protest on November 14, 1975. Plaintiff was notified by defendant by notice dated February 3, 1977, that the Protest was disallowed.

7. No portion of the sum of $3,579.80 or interest thereon has been refunded by defendant to plaintiff and no legal offsets or credits to which defendant is entitled exist with respect to that sum.

8. The assessment was made upon plaintiff on the ground that he was a "responsible person" under Section 6672 of the Internal Revenue Code, as amended. The corporation which had reported the withheld employee taxes, The Protein Corporation of America, reported on Tax Form No. 941 for the tax period January 1, 1972 through September 30, 1972, which forms were signed by Charles J. Helfrich, President of the corporation.

9. During 1972, plaintiff was a Vice-President, Treasurer, Director and Shareholder of The Protein Corporation of America. Plaintiff became an officer of the corporation solely for the purpose of filling an officership vacancy until the corporation had begun its business operations. The corporation was a one-man operation run by Charles J. Helfrich without the usual corporate formalities.

10. Plaintiff is a lawyer, and devotes all of his working time to his law practice. During the period in question, his law firm acted as attorneys for the corporation and submitted billings for said services, which bills remain unpaid.

11. The founder and President of the corporation was Charles J. Helfrich. Mr. Helfrich was totally in charge of the business operations of the corporation and solely in charge of the financial affairs of the corporation. Mr. Helfrich engaged and dealt with accountants for the corporation. Mr. Helfrich hired the only employee of the corporation, the said Robert A. Johnson, who was the only employee the corporation ever had. Mr. Helfrich was solely responsible for the payment of wages to Mr. Johnson and for withholding and reporting the relevant employee's taxes on behalf of the corporation. Mr. Helfrich was also solely

82

responsible for the filing of the relevant tax returns, being in this instance, Form 941, and actually undertook to prepare, sign and file said returns, but failed to make the payments due thereunder.

12. Plaintiff did not participate in the business affairs of the corporation nor was he in any way responsible for the collection, accounting for, or payment of any employee withholding taxes which are the subject of this action. Plaintiff had never met nor talked with the employee, who dealt only with Mr. Helfrich in all matters.

13. Plaintiff did not sign any checks for the corporation or if any were signed by plaintiff, he did so only at the direction and under the authority of Mr. Helfrich, upon whom he relied. Plaintiff made no deposits to the bank accounts of the corporation. While plaintiff's name appeared as a signatory on the corporation checking account, this was a device employed to protect plaintiff's investment in the corporation, and was not utilized in conducting the daily business of the corporation.

14. During all of 1972, the corporate checkbook and all corporate records necessary to conduct of the corporate affairs, including employee records, were in the possession of the President, Charles J. Helfrich, who was the sole responsible officer of The Protein Corporation of America.

15. Plaintiff did not, in fact, exercise any control or authority over the disbursement of funds by the corporation, the determination of which creditors would be paid by the corporation, or any other financial decisions made by the corporation nor did plaintiff receive or use any of the funds of the corporation for his own benefit or otherwise. All of the funds of the corporation were disbursed by or at the direction of the President, Charles J. Helfrich, and Helfrich alone determined which creditors were to be paid, or whether any expenses would be incurred on behalf of the corporation and whether or not any withholding taxes due to defendant would be paid.

16. The defendant was not guilty of bad faith or illegal harassment in the assessment and collection of the withholding taxes from plaintiff.

17. Plaintiff may not claim attorney's fees incurred in this action from defendant since plaintiff is not defending an action brought by the Internal Revenue Service.

## CONCLUSIONS OF LAW

■ 1. Plaintiff was not a responsible officer of The Protein Corporation of America within the meaning of Section 6672 of the 1954 Internal Revenue Code during the time that said corporation became indebted for withholding and social security taxes, i. e., the calendar quarters ending March 31, June 30, and September 30, 1972.

2. Plaintiff's actions did not constitute the exercise of control or authority over the financial or business affairs of The Protein Corporation of America necessary to obligate him under Section 6672 of the Internal Revenue Code to collect and pay the withholding taxes and social security taxes due to defendant on account of wages paid to the corporation's sole employee, Robert A. Johnson.

3. Plaintiff was not a person required to collect or truthfully account for or pay over any taxes imposed upon The Protein Corporation of America under the provisions of Title 26, United States Code, against The Protein Corporation of America.

4. Plaintiff did not wilfully fail to collect, truthfully account for, or pay over any taxes imposed by defendant against The Protein Corporation of America, nor was plaintiff under a duty to do so. Plaintiff did not wilfully attempt in any manner to evade or defeat any such taxes or payment thereof.

■ 5. Plaintiff is entitled to a judgment against the defendant in the sum of $3,579.80, with interest thereon from April 11, 1975, at the rate(s) established by the provisions of Internal Revenue Code, Section 6621, until the judgment is satisfied.

6. Plaintiff is not entitled to recover his attorneys fees since he is not a defendant in an action brought by the Internal Revenue Service.

7.   Each party shall bear his or its own costs of suit.